# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-41234
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE MANUEL CAMPOS-SADRIVA, true name Jose Manuel Campos-Campos

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-1044-1

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Campos-Sadriva (Campos) pleaded guilty to one count of being found unlawfully present in the United States subsequent to a prior deportation, in violation of 8 U.S.C. § 1326. The district court sentenced him to 30 months of imprisonment, within the guidelines range. Campos objected in the district court to the sentence imposed. Campos now appeals, challenging only the reasonableness of the sentence imposed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In applying the Sentencing Guidelines in this case, the district court enhanced Campos's offense level by 12 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(B) based on Campos's prior drug-trafficking conviction. Campos does not challenge the district court's application of the Guidelines. Instead, he contends that his sentence was unreasonable in light of the Supreme Court's decisions in Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007). He maintains that our prior jurisprudence impermissibly constrained the district court's sentencing discretion in a manner incompatible with Gall and Kimbrough. We have recently rejected this same argument. United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008)(per curiam); United States v. Gomez-Herrera, 523 F.3d 554, 557 n.1 (5th Cir. 2008), petition for cert. filed (July 2, 2008)(No. 08-5226).

Campos has not overcome the rebuttable presumption that his within-guidelines sentence was reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). We thus conclude that the district court did not abuse its discretion when it imposed Campos's 30-month sentence. See Gall, 128 S. Ct. at 594.

AFFIRMED.